■ The People of the State of New York, Respondent, v

Nicholas Reyes, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered February 4, 1983, convicting him of murder in the second degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

We have reviewed the record and find no support for defendant's contention that his confession was involuntary and the product of coercion on the part of the police. Following a valid waiver of his *Miranda* rights, defendant denied any knowledge of the charged crimes. A detective told him that the police had information which implicated him in the crimes, and then the questioning stopped. About five minutes later, defendant spontaneously asked the detectives whether the man had really died, and the detectives replied "Yes, he had", at which point defendant stated "I didn't mean to kill him".

The detective's affirmative response to defendant's question cannot reasonably be considered to be coercive and in no way rendered ineffective defendant's waiver following the *Miranda* warnings. Indeed, defendant's statement that "I didn't mean to kill him" can properly be considered "self-generating" (*People v Stoesser*, 53 NY2d 648, 650). Defendant's statement was not triggered by police conduct which should reasonably have been anticipated to evoke an incriminating response. Defendant merely asked a direct question of the detective, and was given a short, direct, and correct response to that question. There is nothing to indicate that the incriminating response of defendant which followed was not voluntarily made.

The other contentions raised by defendant have been examined and found to have no merit. Lazer, J. P., Gibbons, Weinstein and Lawrence, JJ., concur.